UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
THE PROFESSIONAL STAFF CONGRESS/ :
CUNY,                            :       20 Civ. 5060
                                 :
     Plaintiff,                  :
                                 :
     -v-                         :
                                 :       ORDER
FELIX V. MATOS RODRIGUEZ,        :
Chancellor of the City University :
of New York, in his official capacity;:
and THE CITY UNIVERSITY OF NEW YORK, :
                                 :
     Defendants.                 :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

Familiarity with the general background to this case is here assumed. See generally Professional Staff Congress/CUNY v. Rodriguez, --- F. Supp. 3d ---, 2020 WL 4668164 (S.D.N.Y. 2020). As relevant here, plaintiff The Professional Staff Congress/CUNY ("PSC"), on behalf of adjunct faculty and employees whose appointments expired and were not renewed by the City University of New York ("CUNY"), brought this suit against defendants CUNY and its Chancellor Felix V. Matos Rodriguez to force CUNY to comply with its alleged obligation under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), to continue to pay its employees "to the greatest extent practicable" during the period of any disruptions or closures related to the

1

coronavirus pandemic. Id. at 1. In a prior opinion denying PSC's motion for a preliminary injunction, the Court held that PSC did not have a legally cognizable cause of action either directly under the CARES Act or through 42 U.S.C. § 1983. Id. at *3. Accordingly, the Court observed that "there is a likelihood that the Court would grant a motion to dismiss by defendants." Id. at *7.

Now before the Court is that motion to dismiss. Dkt. No. 31. In its opposition to the motion, PSC largely retraces the same arguments that the Court already rejected in denying the preliminary injunction. See PSC's Opposition to CUNY's Motion to Dismiss, Dkt. No. 33.

The only relevant difference between the Court's analysis in deciding this motion to dismiss and the prior motion for a preliminary injunction is that the Court must now take all allegations in the light most favorable to PSC and may not consider documents in the record, such as affidavits, unless they are incorporated in, or otherwise integral to, the complaint. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). Neither taking the allegations in the light most favorable to PSC nor excluding the affidavits submitted as part of the preliminary injunction motion, however, alters the Court's conclusion that PSC does not have a legally cognizable cause of action. Accordingly, and for substantially the reasons

laid out in the Court's prior opinion, the Court grants CUNY's motion to dismiss with prejudice.

The Clerk of the Court is directed to enter judgment in favor of defendants.

SO ORDERED.

Dated: New York, NY
       November 9, 2020

_____
JED S. RAKOFF, U.S.D.J.